FILED

2019 FEB 11 PM 1:58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **DENNIS G. CHURCH** <br><br> Plaintiff, <br><br> v. <br><br> **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR13 AND SELECT PORTFOLIO SERVICES, INC.** <br><br> Defendant, | Court File No.: <br><br> 2:19-CV-83-FtM-29UAM <br><br> **COMPLAINT AND JURY DEMAND** |

## PRELIMINARY STATEMENT

Plaintiff seeks damages and injunctive relief based on Defendant's numerous improper attempts to collect a debt which Defendant knows full well that Plaintiff does not owe. Such improper conduct constitutes a violation of 15 U.S.C. § 1692 and Section 559.55, Florida Statutes.

## PARTIES

1. Plaintiff, DENNIS G. CHURCH is a natural person who resides in Lee County, Florida. Plaintiff is a "consumer" as defined by 15 USC § 1692a(3), Section 559.55(2), Florida Statutes and 15 U.S.C. § 1681a.

2. Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR 13 ("DEUTSCHE BANK") is a national bank, whose principal place of business is 60 Wall Street New York, New York. DEUTSCHE BANK is a citizen of the State of New York pursuant to 28 U.S.C. §1348.

3. Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS") is a corporation organized under the laws of the State of Utah that has a principal place of business located at 3217 S Decker Lake Drive ATTN: COMPLIANCE DEPT SALT LAKE CITY, UT 84119. SPS is registered to do business in the State of Florida.

## JURISDICTIONAL STATEMENT

4. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business. As such, Defendants are "debt collector[s]" within the meaning of the FDCPA and "person subject to regulation" under the FCCPA.

5. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. 1331. The court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the within state law claims on the grounds that such claims are so closely related so as to form the same part of the same case or controversy.

6. In accordance with Section 48.193, Florida Statutes, Florida has personal jurisdiction over Defendants on the grounds that at all times material to the complaint, Defendants operated, engaged in, or carried on a business or business or business venture in the state, having an office or agency within the state, and owning, using, possessing or holding a mortgage or other lien, or breached a contract within the state.

7. Venue is proper in the United States District Court, Middle District of Florida in that the Plaintiff resides within the district, and the subject real property is within the district.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. On or about June 18, 2014, Plaintiff entered into a promissory note (the "Note") in the principal amount of $464,000 in favor of WASHINGTON MUTUAL BANK, NA. As

security for the obligations contained within the note, Plaintiff gave a mortgage (the "Mortgage") on real property known as 1329 Sunset Key Cir. Unit 608 Punta Gorda, Lee County, Florida (the "Property"). The mortgage was recorded in the public records of Lee County, Florida at Book 4356 Page 1081.

9. On May 19, 2014, by and through its servicer, SPS, Deutsche Bank, purportedly as assignee of WASHINGTON MUTUAL, initiated a civil action against Defendant in the 20th Judicial Circuit Lee County, Florida. In the complaint, DEUTSCHE BANK alleged that Plaintiff was in default of the Note and sought to foreclose the Mortgage and a deficiency judgment.

10. Thereafter, on or about April 29. 2015, DEUTCHE BANK, by and through SPS as its servicing agent and attorney-in-fact, entered into a Settlement Agreement and Release of Claims with Plaintiff. In the agreement, DEUTSCHE BANK and SPS agreed to waive "the deficiency of the outstanding balance due and owing under the Loan Documents following a foreclosure sale."

11. Notwithstanding the fact that they have waived the any deficiency and/or liability under the Note, DEUTSCHE BANK and SPS have continued to effectuate collection against Plaintiff. By example, SPS, as servicer has sent Plaintiff written notices claiming a delinquency, demanding payment, and an accelerated balance due of over $500,000.

12. SPS has sent Plaintiff numerous notices of default and acceleration.

13. SPS and DEUTSCHE BANK have continued their collection efforts against Plaintiff notwithstanding the fact that Plaintiff has notified them numerous times verbally and in writing of the preceding facts.

14. On January 10, 2019, Defendants initiated a civil action against Defendant in Lee County, Florida entitled Deutsche Bank National Trust Company et al. v. Dennis G. Church C.A. No. 19-CA-159. In the action, in addition to seeking foreclosure of the Mortgage, which is

allowed under the Settlement Agreement and Release, but also for a deficiency against Plaintiff, which is unauthorized by the agreement, as it has been expressly waived by Defendants.

15. Because of Defendants' unlawful collection activities, Plaintiff has suffered emotional distress because of the uncertainty of his status with respect to the alleged debt.

16. By the filing of the instant complaint, Plaintiff does not in any way intend to oppose the exercise of Defendants' efforts to foreclose the Mortgage.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS ACT

17. Plaintiff repeats and realleges paragraphs 1 through 16 of the complaint as if set forth fully herein.

18. Pursuant to Section 559.72(9), Florida Statutes, it is unlawful for a debt collector to Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

19. Defendants have engaged in an unlawful act in that it continues to claim, attempt, or threaten to enforce the rate and mortgage, while knowing that the debt is not legitimate, or that it is not entitled to enforce the debt as to Plaintiff.

20. Defendants in engaging in unlawful acts in violation of Section 559.72, Florida Statutes, acted intentionally, willfully and with actual malice, or with reckless disregard for the rights of Plaintiff.

21. As a result of Defendants' violation of Section 559.72, Florida Statutes, Plaintiff has suffered damages, including monetary damages and emotional distress.

22. Plaintiff has engaged the undersigned law firm and has agreed to pay its reasonable attorneys fees.

WHEREFORE, Plaintiff demands judgment against Defendant on Count I of the complaint in an amount to be determined at trial, statutory damages of $1,000.00 per violation, an award of reasonable attorneys fees and costs, punitive damages, interest and such other relief as this court deems just and appropriate.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiffs repeat and reallege paragraphs 1 through 16 of the complaint as if set forth fully herein.

24. Defendant is a debt collector as defined in 15 USC § 1692 et seq.

25. Pursuant to 15 USC § 1692f, A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct, among other things, is a violation of this section:

   (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

26. Defendants have violated 15 USC 1692f by attempting to collect on the Note where it was not authorized by and where it was not entitled to enforce said Note.

27. Defendants in engaging in unlawful acts in violation of 15 U.S.C. § 1692f, acted intentionally, willfully and with actual malice, or with reckless disregard for the rights of Plaintiff.

28. As a result of Defendants' violation of 15 USC § 1692f, Plaintiff has suffered damages, including monetary damages and emotional distress.

29. Plaintiff has engaged the undersigned law firm and has agreed to pay its reasonable attorneys fees.

WHEREFORE, Plaintiff demands judgment against Defendant on Count II of the complaint in an amount to be determined at trial, statutory damages of $1,000 per violation, an award of reasonable attorneys fees and costs, punitive damages, interest and such other relief as this court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 30th day of January, 2019.

> Respectfully submitted,
>
> By: __/s/ Christopher DeCosta__
> **CHRISTOPHER J. DECOSTA, ESQ.**
> **FLORIDA BAR NUMBER 271410**
> MAHSHIE & DECOSTA, P.A.
> 1560 Matthew Drive, Suite E
> Fort Myers FL 33907
> Telephone: (239) 931-7566
> Facsimile: (239) 931-7560
> Primary Email: Chris@MD-Lawfirm.com
>     Eservice@MD-Lawfirm.com
> Secondary Email: Jamie@MD-Lawfirm.com
>     Chantal@MD-Lawfirm.com
> *Counsel for Plaintiff*